**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**WILLIE BROWN**

**VS.**                                                    **CIVIL ACTION NO. 2:05CV109-DAS**

**MICHAEL J. ASTRUE,**
**Commissioner of**
**Social Security**

**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying the application of the plaintiff, Willie

Brown, for a period of disability and disability insurance benefits.  The parties have consented to

jurisdiction by the United States Magistrate Judge.  And, having considered the briefs of the

parties, the administrative record and the applicable law, the court rules as follows:

**I.  FACTUAL AND PROCEDURAL HISTORY**

The plaintiff filed an application for a period of disability and disability insurance

benefits on May 15, 2001, alleging a disability onset of April 30, 2001.  The claim was denied

initially and upon reconsideration.  Thereafter, the plaintiff filed a written request for a hearing.

In a decision dated February 18, 2005, an administrative law judge ("ALJ") found that the

plaintiff was not disabled.  The Appeals Council denied review.  The plaintiff then appealed to

this court.  On December 1, 2005, this court remanded the plaintiff's case to the Commissioner

for further administrative proceedings in accordance with sentence six of Section 205(g) of the

Social Security Act.  Therefore, the Appeals Council, in a decision dated January 20, 2006,

vacated the prior decision and the case was remanded to the ALJ for further action, including a new hearing if necessary. The plaintiff appeared and testified at a new hearing held on July 11, 2006, in Tupelo, Mississippi. During the hearing, the plaintiff amended his disability onset date to March 30, 2001. An impartial vocational expert ("VE") also testified at the hearing, and the plaintiff was represented by his attorney herein. In a decision dated March 12, 2007, the ALJ issued another unfavorable hearing decision. The Appeals Council denied the plaintiff's request for review of this decision by letter dated September 22, 2007. Thus, the ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The plaintiff alleged he became disabled in March 2001 because of back pain. In his application, the plaintiff indicated he was born in 1950, which would make him 50 years old at the time of his alleged onset date. During the plaintiff's hearing before the ALJ, he testified that he was 54 years old, having been born in 1951. He completed the tenth grade and obtained his GED while in the military. He attended college in pursuit of a degree in law enforcement, but he never completed the course of study. He testified that his past relevant work included jobs as a tractor driver and brick layer.

## II.  APPLICABLE LAW & STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, the plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*,

---

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2000).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2000).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2000). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2000).

[7]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2000).

[8]*Muse*, 925 F.2d at 789.

402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found . . . where there is a 'conspicuous absence of credible choices' . . . ." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. ANALYSIS OF THE ISSUES

In his brief, the plaintiff proffers five separate issues for this appeal. The court has duly considered them and finds that the plaintiff has actually stated only four issues:

1. Whether the ALJ's decision is not supported by substantial evidence because the VE's testimony was based upon a flawed hypothetical.

2.  Whether the ALJ failed to fully and fairly develop the record.

3.  Whether the ALJ failed to assign the appropriate amount of weight to the opinion of the medical consultant regarding the plaintiff's depression.

4.  Whether the ALJ failed to properly resolve conflicts in the evidence regarding the plaintiff's mental condition.

The court addresses each issue separately below.

### *Flawed Hypothetical*

The plaintiff first charges that the hypothetical question presented to the VE during the hearing was flawed because it did not include several of his "serious impairments," did not consider numerous other "non-serious" impairments, and made no analysis of the effects of medications "and other relevant considerations." Then, the plaintiff proceeds to identify a myriad of "serious" impairments and points out that the list does not include "an even longer list of single contacts with medical providers for infections" and other "non-serious" medical conditions. In short, the plaintiff suggests that the ALJ erred because he failed to ask the VE to consider every single medical condition of record.

At step two of the sequential evaluation process, the ALJ found the plaintiff suffered from severe impairments, including disorders of the back and a depressive reaction not otherwise specified. At step three, the ALJ found that the plaintiff did not have any impairment that met or equaled any listed impairment. Next, having assessed the evidence and the plaintiff's credibility, the ALJ formulated the plaintiff's residual functional capacity. He found that the plaintiff could lift and carry fifty pounds occasionally and twenty-five pounds frequently. The plaintiff could walk or stand for a total of six hours in an eight-hour day, or for two hours at a time. He could sit for the same amounts of time. He could occasionally climb stairs, ropes, scaffolds, and ladders.

He could occasionally balance, stoop, crouch, kneel, and crawl. He could perform jobs that did not demand attention to details or complicated instructions or job tasks, and those that did not require close cooperation and interaction with coworkers. He could maintain attention and concentration for a minimum of two hour periods at one time and adapt to changes in the workplace at a basic level. Lastly, he would be able to accept supervision on a basic level.

During the hearing, Philip Cooker testified as VE. In his first hypothetical the ALJ asked Mr. Cooker to assume an individual with the RFC he assigned to the plaintiff and gave a verbatim recitation of the foregoing limitations. Based on these limitations, Mr. Cooker opined that the plaintiff could not return to his past relevant work but could perform other medium, unskilled work, including jobs as a cleaner, house worker and laundry laborer. Mr. Cooker further testified that theses jobs existed in significant numbers in the national economy. The ALJ posed two additional hypotheticals, one that rendered the individual capable of performing work at less than the sedentary range and another with only nonexertional limitations that prevented the individual from performing the plaintiff's past relevant work. Neither of these hypothetical individuals could perform any type of work. At the conclusion of his examination of Mr. Cooker, the ALJ offered the plaintiff's attorney an opportunity to cross-examine him. Counsel responded that "that pretty well sums it up."

An ALJ is required to include in his questioning only those limitations which he has found to be credible. *See Sims v. Apfel*, 224 F.3d 380, 381 (5th Cir. 2000). The plaintiff suggests the ALJ's hypothetical should have included every single ailment noted in his medical records, "serious" and "non-serious." The plaintiff also contends that the ALJ failed to take into account the affects of medication and his depression. Yet, the plaintiff has pointed to absolutely no

evidence in the record supporting the conclusion that any of his other "serious" and "non-serious" ailments actually produced any limitations or restrictions that affected his ability to perform work activity.  Indeed, the plaintiff testified that his main problem was his back impairment.  Nor has the plaintiff pointed to any credible evidence that his medications caused side-effects that interfered with his ability to work.  During the hearing, the plaintiff was unable to give a coherent answer regarding the side effects of medications in response to his attorney's questioning.  The plaintiff testified, "There's something about that medicine that I be taking it and it makes me feel kind of funny.  I don't know."

Furthermore, the plaintiff testified that his back pain caused him to be depressed and that it interfered with his ability to concentrate.  The ALJ's first hypothetical adequately accounted for limitations caused by the plaintiff's pain and depression, as it contained limitations in concentration and ability to interact with coworkers.  Lastly, the court is obliged to point out that the plaintiff's attorney had an opportunity to cross-examine the VE regarding any limitations he felt the ALJ omitted, but failed to do so.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).  Accordingly, the court concludes the ALJ's first hypothetical was adequate, as it took into account all of the restrictions reasonably supported by the evidence, and the ALJ properly relied on the VE's testimony that the plaintiff could perform other work.

### The ALJ's Development of the Record

The plaintiff states as a separate issue that the ALJ failed to fully develop the record as it concerns his alleged mental impairment.  However, beyond listing legal authorities, he presents no argument on the point before he proceeds to argue that the ALJ ignored the mental RFC findings of Dr. Small.  The court finds that it too need not spend much time on this point.  An

ALJ has a duty "'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'"  *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (quoting *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).  However, the burden remains upon the claimant to prove he is disabled within the meaning of the Social Security Act.  *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).  In the Fifth Circuit, the district court may not reverse the decision of the ALJ for failure to fully and fairly develop the record unless the claimant shows that he was prejudiced by the ALJ's failure.  *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)).  In order to establish prejudice, the claimant must show he "could and would have adduced evidence that might have altered the result."  *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th cir. 1984)).

In this case, the plaintiff has made no attempt to show the court in what regard the ALJ failed to fully and fairly develop the record.  Nor has the plaintiff made any attempt to establish prejudice resulting from some failure of the ALJ.  Accordingly, this issue is without merit.

### *Weight Assigned to Dr. Small's Opinion*

The third and fifth issues proffered by the plaintiff encompass the same issue, as the plaintiff essentially argues that the ALJ erroneously "dismissed" the consultative examinations of Dr. Small.  The plaintiff contends that the reasons the ALJ gave for not fully crediting Dr. Small's opinion, namely the plaintiff's dishonesty regarding his symptoms and inconsistencies in Dr. Small's reports, were insufficient.  The plaintiff also charges that the ALJ erroneously substituted his own opinion for Dr. Small's and failed to clarify Dr. Small's opinion.

The plaintiff underwent two comprehensive mental status evaluations.  In June 2003, he first saw Charles Small, Ph.D., at the behest of his attorney.  The plaintiff stated that he had hurt

his back lifting heavy items and that he had to have help with bathing, dressing and taking his medications.  The plaintiff appeared to be in pain.  There was no evidence of mania or driven speech.  He had no hallucinations, and he was not delusional.  He had an average IQ.  He was able to resolve a proverb presented to him.  He could count by 3's and subtract 7 from 100.  Other related questions were all answered correctly.  Dr. Small's impression was chronic back pain by history and "depressive  reaction not otherwise specified."  He noted that the claimant appeared to have "definite limitations in his ability to complete repetitive tasks and follow instructions in a timely fashion."

The plaintiff returned to see Dr. Small in July 2004, this time on referral from the Department of Rehabilitation Services.  The plaintiff's clinical appearance was similar to that of his earlier examination.  He told Dr. Small he had been diagnosed with a "degenerative spine disease" and that he had "arthritis all through his back bone."  And, this time he told Dr. Small he was able to bathe and dress himself, he could keep up with his medications, he could wash dishes, and that he attended church and Sunday school.  Dr. Small noted a depressed affect and anhedonia.  After his examination of the plaintiff, Dr. Small completed a medical assessment form.  On the form, he opined that the plaintiff had no more than a "fair" ability to perform any work-related function.  He also found the plaintiff had "poor to no" ability to follow work rules, deal with the public, work with stress, function independently, maintain attention and concentration, and understand complex job instructions.

The ALJ noted that he had considered Dr. Small's opinion but did not give it any "significant weight."  He stated that Dr. Small's assessment was that the plaintiff had some physical problems and he did not give any "real mentally based limitations."  He noted

particularly that Dr. Small's 2004 medical source statement was not in any way consistent with his finding during the evaluation. He pointed out that Dr. Small may have based the limitations he found on erroneous information given by the plaintiff, namely that he had degenerative spine disease and arthritis, which the ALJ points out were not shown in other medical evidence. Ultimately, the ALJ noted that Dr. Small's narrative and finding that the plaintiff's ability to function was "poor or none" did not match up. Moreover, the ALJ noted in his decision that the plaintiff never received any treatment for his "depressive reaction" and that none was ever recommended.

An ALJ need not give controlling weight to a physician's opinion if it is not supported by medically acceptable laboratory and diagnostic techniques, or is inconsistent with other substantial evidence of record. *See* 20 C.F.R. § 404.1527 (d)(2); *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). Additionally, an ALJ is not required to assign weight to a physician's conclusion that the claimant is "disabled," because this is an issue reserved for the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Rather, it is the ALJ's responsibility to assess inconsistencies in a physician's opinion. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). In this case, the ALJ properly considered Dr. Small's reports regarding the plaintiff's mental condition. The ALJ assigned did not assign significant weight to Dr. Small's conclusion that the plaintiff had poor to no ability to function in a work setting because it was inconsistent with his own narrative reports of only mild to moderate findings. Additionally, the ALJ did not fully credit Dr. Small's opinion regarding the plaintiff's limitations because it appeared to be based largely upon the plaintiff's subjective reports and complaints regarding his back condition. And, contrary to the plaintiff's suggestions, the ALJ did not

completely reject Dr. Small's opinion. The ALJ actually adopted limitations found by Dr. Small regarding the plaintiff's ability to concentrate and cooperate with others.

Lastly, the plaintiff has failed to show that there was any need to clarify Dr. Small's opinion. Indeed, the plaintiff concedes that his depression was secondary to his back pain and his inability to do what he used to do, thereby indicating that his condition is likely situational and not psychological. Accordingly, the court finds the ALJ did not improperly substitute his opinion for a medical opinion, and substantial evidence in the record supports his decision to give less than full credit to Dr. Small's opinion.

### Conflicts in the Evidence

Next, the plaintiff contends that the ALJ and the Commissioner erred by "resolving conflicts in the record without any basis in substantial evidence." Specifically, the plaintiff concedes that the ALJ "properly resolved" conflicts in the evidence regarding his physical impairments but charges that the ALJ "removed the only evidence in the record of limitations" associated with his depression. Again the plaintiff urges that the only evidence of his mental RFC was his own testimony and Dr. Small's reports. The plaintiff further claims the ALJ was incorrect in his assessment that he never received any treatment for his "depressive reaction" and claims that by the time of his hearing he had begun counseling for depression and was part of a support group.

It is the sole job of the ALJ to resolve conflicts in the evidence. First, as pointed out above, the ALJ did not completely reject Dr. Small's opinion. And, he gave sufficient reasons for not fully crediting that opinion. Moreover, the ALJ duly considered the plaintiff's subjective testimony regarding the effects of his depression. The ALJ found that the plaintiff's depression,

11

though severe, did not produce the degree of limitations alleged by the plaintiff. The ALJ pointed to the fact that the plaintiff had not sought any treatment for depression and was not taking and had never been prescribed medication for depression. It was proper for the ALJ to consider this evidence. *See* 20 C.F.R. §§ 404.1529(c)(3) (2008).[9] Accordingly, the court accords great deference to the ALJ's credibility determination. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

And, though the plaintiff claims that by the time of the hearing, he was receiving treatment for his depression, the plaintiff has failed to point the court to any medical evidence in the record to support this assertion. Indeed, during the hearing, the ALJ asked the plaintiff about the treatment he received at the VA. The following colloquy is instructive:

Q      You go to the VA now?

A      Yes, sir.

Q      Okay. What do they treat you for?

A      My back, for my back.

Q      And are you getting any type of counseling over there? Mental health counseling?

A      Oh, yes, I've got a class starting, [inaudible], but we're starting a class.

---

[9] Factors relevant to a determination regarding the intensity and persistence of the claimant's symptoms and residual functional capacity include:

1. Daily activities;
2. Location, duration, frequency and intensity of pain or other symptoms;
3. Precipitating and aggravating factors;
4. Type, dosage, effectiveness, and side effects of medication;
5. Treatment, other than medication, received for relief of pain or symptoms;
6. Other measures used to relieve pain or symptoms; and
7. Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ did not ask the plaintiff any further questions about the nature of the alleged treatment or classes.  Based on this, it is implicit in the ALJ's decision that he found the plaintiff's testimony regarding this treatment not credible, especially considering the lack of supporting evidence in the record.  The court is obliged to remind the plaintiff that the burden was upon him to prove that he was disabled.  Accordingly, the court finds that this assignment of error is also without merit.

## IV. CONCLUSION

Based on the foregoing, the decision of the Commissioner should be affirmed.  A final judgment consistent with this opinion will issue forthwith.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE